IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**H.C. THORNE, JR.,**

      **Plaintiff,**

v.                                    Case No. 3:12-cv-6280

**HUNTINGTON POLICE DEPARTMENT,
POLICE CHIEF HOLBROOK,
PATROLMAN J.R. GOODMAN,
PATROLMAN ANDRE JACKSON,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is the initial screening of Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, H.C. Thorne, Jr. ("Thorne"), filed his complaint on October 5, 2012, alleging that the Huntington Police Department and several of its officers violated his Constitutional right to due process under the Fourteenth Amendment. (ECF No. 2 at 1). Thorne does not specify an amount of damages or other relief that he seeks, though he does allege that defendants are "responsible for the actions and damages effected by"

the driver of a vehicle that hit him while he was riding his bicycle. (ECF No. 2 at 3). For the reasons that follow, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be granted and, thus, **RECOMMENDS** that the presiding District Judge dismiss the complaint, with prejudice, and remove it from the docket of the Court.

I.      Relevant History and Allegations

Thorne alleges that on October 6, 2010, he was the victim of a "hit and run" traffic accident. (ECF No. 2 at 2). According to Thorne, a white pick-up truck with West Virginia license plate #OCL 345 struck him when it switched from the left lane to the right lane, where Thorne was riding his bicycle. (*Id.*). Thorne was thrown "up over and into the sidewalk," while the truck apparently fled the scene. (*Id.*). Shortly thereafter, Thorne reported the incident to a patrol car police officer, who "turn[ed] curiously defensive of OCL 345 W.V. after victim Thorne described the drivers as 'dumbo good old boys [who] stank of beer, tobacco and sweat.'" (*Id.*). Despite the fact that Thorne provided the truck's license plate number, the police declined to "pick up, test and arrest [the driver] immediately while 'trail was still hot,'" and instead apparently "infer[red] bicyclist Thorne was somehow at fault for 'being in the way'." (*Id.*).

Thorne further alleges that upon requesting the identity of the truck driver, the Huntington Police Department ("HPD") responded by "ignoring repeated telephone requests and 'stone-walling' by supplying [an] incomplete, inaccurate" accident report. (*Id.* at 3). As a result of the HPD's actions, Thorne alleges that he was unable to pursue "justice and compensation by legal recourse" against the truck driver. (ECF No. 2 at 3). Accordingly, Thorne argues that HPD is a "'post facto' accomplice to and responsible for

the actions and damages effected by OCL 345 W.V." (*Id.*).[1]

## II. <u>In Forma Pauperis Screening</u>

Pursuant to 28 U.S.C. § 1915(e), the Court must dismiss the action of a petitioner who applies to proceed *in forma pauperis*, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a compensable claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court explained the "plausibility" standard in *Ashcroft v. Iqbal*, stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft*, 556 U.S. at 677 (quoting *Bell Atlantic Corp.*, 550 U.S. at 544) (internal citations omitted). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679 (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007)). While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions

---

[1] Thorne attaches to his complaint a copy of the Uniform Traffic Crash Report completed by Officer Goodman. (ECF No. 2-1). The narrative section indicates that the "rider of [the bicycle] thought the run vehicle was possibly a Ford Ranger and provided a WV Tag (OCL 345 WV) which came back to a Ford F150." (*Id.* at 2). However, in the vehicle data section of the crash report, the owner's name and address are left blank. (*Id.* at 4). The report also indicates that Thorne was at fault for the accident. (*Id.* at 10).

- 3 -

that are "couched as . . . factual allegation[s]." *Ashcroft*, 556 U.S. at 677, (quoting *Bell Atlantic Corp.*, 550 U.S. at 554).

In the event of a *pro se* complaint, the court must liberally construe the allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a cause of action currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir.1998), develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### III.   Analysis

Title 42 U.S.C. § 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of State law. 42 U.S.C. § 1983.  Accordingly, in order to allege a *prima facie* claim under § 1983, Thorne must present facts showing that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the alleged deprivation was committed by a person acting under color of state law. *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Perrin v. Nicholson*, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010). Here, Thorne claims that he was deprived of his right to due process under the Fourteenth Amendment. (ECF No. 2 at 1).

The due process clause of the Fourteenth Amendment mandates that a State may not "deprive any person of life, liberty, or property, without due process of law." Amdt. 14, § 1. Due process includes both a substantive and a procedural component. However, "[t]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 59 (citing *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). A protected liberty interest "may arise from the Constitution itself ... or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (internal citations omitted). On the other hand, a protected property interest "cannot be created by the Fourteenth Amendment itself, but rather must be created or defined by an independent source." *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 109 (4th Cir. 2011). A protected property interest requires "more than an abstract need or desire" and "more than a unilateral expectation" of a benefit, but instead requires an individual to have "a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Thorne contends that he was deprived of a protected property right without due process of law in two ways. First, the patrol officer investigating Thorne's accident failed to pursue and arrest the hit-and-run driver. Second, the HPD refused to include the driver's name on the accident report or identify him in response to Thorne's many demands. Even accepting these allegations as true, neither factual scenario provides the basis for a due process claim. In regard to the officer's failure to pursue and arrest the driver, "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in

its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005). *See also Graham v. City of Albany,* 2009 WL 4263510, at *7 (N.D.N.Y. Nov. 23, 2009). Similarly, the refusal to identify the driver's name was, at most, a violation of West Virginia law,[2] and "violations of state law are insufficient by themselves to implicate the interests that trigger a due process claim." *Wofford v. Evans*, 390 F.3d 318, 325 (4th Cir. 2004); *Weller v. Dep't of Social Services for City of Baltimore*, 901 F.2d 387, 392 (4th Cir. 1990); *Jarrett v. Township of Bensalem,* 2008 WL 818615, at *3 (E.D.Pa. Mar. 26, 2008) ("There is no constitutional right to a true police report.")

If Thorne's claim is that the defendants' failure to disclose the truck driver's name and address prevented Thorne from filing suit for the injuries he sustained in the accident, this claim also must fail. (ECF No. 2 at 3). While it is well established that citizens hold a right of access to courts, *See Pollard v. Pollard*, 625 Fed. Appx. 270, 272 (4th Cir. 2009); *Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (observing multiple bases under which the Supreme Court has recognized a right of access to courts, including the Due Process Clause of the Fourteenth Amendment), "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414-15. Accordingly, in a right of access case, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* To prevail on such a claim, a plaintiff "must demonstrate that the

---

[2] Under West Virginia law, vehicle crash report forms are required to "provide sufficiently detailed information to disclose with reference to a traffic crash the cause, conditions then existing, *and the persons and vehicles involved.*" W.V. Code § 17C-4-9(b) (emphasis added).

- 6 -

defendants foreclosed [him] from filing suit in state court or rendered ineffective any state court remedy [he] previously may have had." *Pollard,* 325 Fed Appx. at 272 (citing *Swekel v. City of River Rouge*, 119 F.3d 1259, 1263-64 (6th Cir. 1997)). A "plaintiff cannot merely guess that a state court remedy will be ineffective because of a defendant's actions." *Swekel,* 119 F.3d at 1262. Rather, the claimant must identify with sufficient specificity how the defendants' purported conduct prevented him from seeking judicial redress. *Cook v. Howard*, 484 Fed. Appx. 805, 825 (4th Cir. 2012).

Thorne alleges that "by just ignoring repeated telephone requests and 'stone-walling'" his efforts to obtain a complete and accurate crash report, the defendants effectively "block[ed] his pursuit of justice and compensation by legal recourse." (ECF No. 2 at 3). This contention falls short because Thorne failed to pursue other options available to him to locate the driver's name and address and to file a civil action in a West Virginia court. *Williams v. Savage,* 538 F.Supp.2d 34, 42 (D.D.C. 2008); *Plevin v. City and County of San Francisco*, 2012 WL 6025765, at *4 (N.D.Cal. Dec. 4, 2012) (citing *Swekel,* 119 F.3d at 1264, "[b]efore filing an 'access to courts' claim, a plaintiff must make some attempt to gain access to the courts; otherwise, how is this court to assess whether such access was in fact 'effective' and 'meaningful'?"). "Under certain circumstances, albeit rare, a party should not be required to bring the underlying action before being allowed to initiate a right of access claim," *id.*; however, those rare circumstances do not exist here. Thorne could have requested the name and address of the truck driver from the Division of Motor Vehicles under West Virginia's Freedom of Information Act or asked his own insurance carrier to request it. Given that names and addresses are not exempted from production under the Act, Thorne could have readily obtained the necessary information. *See Hechler v. Casey,* 333 S.E.2d 799, 811 (W.Va.

1985) (names and addresses are public in nature under the Act); *see also* 18 U.S.C. § 2721 (a state department of motor vehicles is not prohibited from releasing personal information in connection with legal proceedings, including an investigation in anticipation of litigation). In addition, Thorne could have filed a "John Doe" complaint against the driver in a West Virginia circuit court, and later amended the complaint to include the driver's name once properly identified. Indeed, the West Virginia Supreme Court of Appeals has specifically held that a plaintiff's amendment of the named defendant will relate back to the date of the original complaint "where the original complaint names a 'John Doe' defendant due to the plaintiff's lack of knowledge of the proper defendant where the filing of the 'John Doe' complaint is not part of a deliberate strategy in order to achieve an advantage and the plaintiff's lack of knowledge is not due to the plaintiff's dilatory conduct in identifying the proper defendant prior to the expiration of the applicable statute of limitations." *Muto ex rel. Muto v. Scott*, 224 W.Va. 350, 357, 686 S.E.2d 1 (W.V. 2008). Thus, even if the defendants improperly refused to provide the truck driver's name, Thorne fails to allege sufficient facts demonstrating how this action deprived him of meaningful access to the courts. *Bell Atlantic Corp.*, 550 U.S. at 570.

  Having carefully reviewed Thorne's complaint, the undersigned **FINDS** that Thorne fails to state a plausible cause of action under § 1983; therefore, the complaint should be dismissed, with prejudice, pursuant to the screening provisions contained in 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).

### IV. Proposal and Recommendation

For the reasons stated, the undersigned respectfully **PROPOSES** that the United States District Court accept and adopt the proposed findings and **RECOMMENDS** that:

1. Plaintiff's Complaint, (ECF No. 2), be **DISMISSED**, **with prejudice**;
2. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**; and
3. This case be removed from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, and any counsel of record.

**FILED:** April 12, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge