IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

H.C. THORNE, JR.,

    Plaintiff,

v.             CIVIL ACTION NO. 3:12-6280

HUNTINGTON POLICE DEPARTMENT,
POLICE CHIEF W.H. HOLBROOK,
PATROLMAN J.R. GOODMAN, PATROLMAN
ANDRE JACKSON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, ECF No. 2, and an application to proceed without prepayment of fees and costs, ECF No. 1. This matter was referred by standing order to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition ("PF&R"). The proposed findings have been submitted and Plaintiff has filed a response. In his response, Plaintiff asks the Court to appoint an attorney to represent him in this matter. For the reasons stated below, the Court **ADOPTS** the PF&R, as modified, and **DISMISSES** Plaintiff's complaint, without prejudice.

       **I.  BACKGROUND**

**A.  Plaintiff's Complaint**

  In his complaint, Plaintiff alleges that the Huntington Police Department ("HPD"), its chief, and two of its officers, violated his constitutional right to due process guaranteed by the

Fourteenth Amendment. According to the complaint, Plaintiff's claims arise from a collision that occurred on October 6, 2010, when a pickup truck executed an illegal right turn from a left-turn-only lane, and collided with Plaintiff's bicycle, "violently enough to throw him up over and into [the] sidewalk." Compl. 2. The driver then fled the scene. When HPD officers arrived, Plaintiff reported the license plate number of the vehicle that hit him as West Virginia OCL 345. Plaintiff alleges that the officer turned "curiously defensive" of the pickup truck occupants after Plaintiff described them as "dumbo good old boys, [who] stank of beer, tobaco [sic] and sweat." Compl. 2. Despite the fact that Plaintiff identified the license plate, Plaintiff complains that Defendants wrongfully failed to "pick up, test and arrest [the] hit and run criminal immediately while [the] 'trail was still hot.'" Compl. 2. Instead, the arriving officer "infer[red] [Plaintiff] was somehow at fault 'for being in the way[.]'" Compl. 2. Plaintiff alleges that following the collision, Defendants ignored Plaintiff's "repeated telephone requests" for the identity of the pickup truck driver, and "stone-wall[ed]" his efforts to learn the driver's identity "by supplying incomplete [and] inaccurate" traffic crash reports.[1]

Plaintiff claims that Defendants' actions and inactions "block[ed] his persuit [sic] of justice and compensation by legal recourse," and Defendants thereby became "'post facto' accomplise [sic] to and responsible for the actions and damages effected by" the driver of the pickup truck. Compl. 3. The complaint does not identify the specific relief sought, but Plaintiff does allege that he is "still recovering" and "still disabled." Compl. 2.

---

[1] Plaintiff attached a copy of the West Virginia Uniform Traffic Crash Report completed by Officer Goodman. Although the report lists the year, body type, color, and license plate number of the pickup truck, it fails to identify the owner and owner's address. In the report, Officer Goodman states that Plaintiff was at fault for the collision and identifies four suspected traffic violations committed by Plaintiff. Crash Report at 10, ECF No. 2-2.

**B.     Magistrate's Proposed Findings and Recommendations**

The magistrate judge performed a thorough review of Plaintiff's complaint, affording his claims the liberal construction required for *pro se* pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). After a careful analysis, the magistrate judge found that Plaintiff's complaint fails to state a plausible cause of action under 42 U.S.C. § 1983 as to both of Plaintiff's theories. Specifically, the magistrate first found that Plaintiff had no protected property or liberty interest in having Defendants pursue and arrest the driver of the pickup truck, and thus no claim could be asserted on that ground. ECF No. 4 at 5-6. Second, regarding Defendants' alleged failure to provide the name and address of the pickup truck's owner, the magistrate found that Plaintiff did not demonstrate how this alleged failure prevented him from pursuing claims against the driver. For example, Plaintiff could have pursued other options to get the desired information, such as filing a West Virginia Freedom of Information Act request or even filing an action against a John Doe defendant in state court. *Id.* at 6-8. Accordingly, the magistrate judge recommended that this action be dismissed with prejudice for failure to state a claim. The magistrate additionally recommended that Plaintiff's application to proceed *in forma pauperis* be denied. The PF&R advised Plaintiff of the time for submitting "specific written objections, identifying the portions of the [PF&R] to which objection is made and the basis of such objection." *Id.* at 9.

**C.     Plaintiff's Objections**

On April 29, 2013, Plaintiff filed a document purporting to contain objections to the PF&R. ECF No. 5. The primary document is two pages long and contains a description of prior litigation, dated 1980, in which Plaintiff was a party. The response also discusses an alleged community conspiracy that developed against Plaintiff as a result of that litigation. Plaintiff repeats his allegation that Defendants failed to produce the name and address of the pickup truck

driver involved in the collision. He adds, however, that after two years, and immediately before his filing this civil action, Defendants did provide him the requested information via an HPD "Continuation of a Case Report" form, which he attached. *Id.* Plaintiff also attached a criminal history of the pickup's alleged driver, the publication *Coping with Police Misconduct in West Virginia*, and the docket sheet for Plaintiff's 1980 litigation, among other documents.

Plaintiff's response to the PF&R contains two substantive additions to his claims. First, Plaintiff requests "the Court to appoint a capable professional attorney to protect [his] interests." Second, Plaintiff attempts to add a claim based on denial of equal protection. He implies that by failing to provide him with the driver's name and address, Defendants denied him "equal protection under law." *Id.* at 2.

With this background in mind, the Court now turns to its consideration of the PF&R in light of Plaintiff's objections.

## II.     ANALYSIS

This Court conducts a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Petitioner objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

4

This action is before the Court on Plaintiff's application to proceed *in forma pauperis*. Title 28, United States Code, Section 1915(e)(2) requires the Court to dismiss an *in forma pauperis* action "at any time" if the Court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In this case, the magistrate judge found that Plaintiff's *pro se* complaint failed to state a claim and recommended that it be dismissed. The Court will first review the magistrate's findings regarding Plaintiff's original claims and then it will consider Plaintiff's new claims for relief.

**A.      Section 1983 Due Process Claims**

The Court observes that, even construing Plaintiff's submission liberally, Plaintiff failed to identify specific objections to the PF&R. Instead, Plaintiff merely repeated the same allegations from his complaint and added additional claims—claims that were not before the magistrate judge. In the absence of any specific objections, and because the Court agrees with the magistrate judge's analysis, the Court **ADOPTS** the PF&R with respect to this claim, as modified, and **DISMISSES without prejudice** Plaintiff's Section 1983 due process claims.

**B.      Application to Proceed without Prepayment of Fees and Costs**

The PF&R recommends that Plaintiff's Application to Proceed without Prepayment of Fees and Costs be denied. Plaintiff did not object to this recommendation. Furthermore, Plaintiff's application provides an insufficient basis for granting such relief. Despite indicating that he receives disability payments, Plaintiff does not provide the amounts of that income as the application requires. Accordingly, the Court **ADOPTS** the PF&R and **DENIES** Plaintiff's application.

C.     **Section 1983 Equal Protection Claims**

Plaintiff did not raise a Section 1983 claim based on denial of equal protection in his complaint and the magistrate judge had no reason, therefore, to address it in the PF&R. Even if Plaintiff had properly asserted this theory, however, the complaint would not survive this initial screening. Plaintiff does not explicitly state the basis for his equal protection claim, but a liberal reading of his objections indicates that he claims the denial of equal protection on the basis of race. *See* ECF No. 5 at 1 (referring to himself as a "minority member" and referring to certain Huntington residents—presumably including Defendants—as "institutional racists").[2]

"To succeed on an equal protection claim, [Plaintiff] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730-31 (4th Cir. 2002) (internal quotations omitted). Plaintiff must plead sufficient facts to satisfy each requirement. *Id.* at 731. In this case, Plaintiff has failed to plead any facts to satisfy these requirements. Plaintiff makes no allegations that individuals in other racial groups who requested traffic crash reports from Defendants received complete reports, including the identity of the other driver. Similarly, Plaintiff does not allege that Defendants promptly pursue and arrest suspects at the request of non-minority individuals. The Court concludes that Plaintiff has failed to state a Section 1983 claim on the basis of equal protection and **DISMISSES without prejudice** that claim as well, to the extent that such a claim was properly asserted.

D.     **Motion to Appoint Counsel**

In his objections to the PF&R, Plaintiff asks the Court to appoint "a capable professional attorney" to represent him, or alternatively to allow him additional time to seek representation.

---

[2] Plaintiff does not indicate with which racial group he identifies.

The Court construes this request as a motion to request an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). "While [28 U.S.C. § 1915(e)(1)], by its terms, authorizes the court to request an attorney to represent an indigent in a civil action, it is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court. It is a privilege and not a right." *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (citations omitted); *see also Spears v. United States*, 266 F. Supp. 22, 25 (S.D. W. Va. 1967). Furthermore, it is "well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citing *United States v. Madden*, 352 F.2d 792 (9th Cir. 1965)).

In this case, Plaintiff has alleged no exceptional circumstances[3] that would warrant the appointment of counsel in this matter, especially in this early stage of litigation. In the absence of such allegations, and because the Court observes no exceptional circumstances upon its own review, the Court **DENIES** Plaintiff's request for appointment of counsel. *See Griffin v. Virginia*, 606 F. Supp. 941, 943 (E.D. Va. 1985) (citing *Cook*, 518 F.2d at 780).

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the magistrate judge's Proposed Findings and Recommendations, ECF No. 4, as modified. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's complaint, ECF No. 2, and **DENIES** Plaintiff's Application to Proceed without Prepayment of Fees and Costs, ECF No. 1. The Court also **DENIES** Plaintiff's request for appointment of counsel.

---

[3] Plaintiff does claim that because of a civil action he filed in this district more than thirty years ago, *Thorne v. Hayes*, No. 3:80-cv-03071 (S.D. W. Va. Mar. 6, 1980), there exists a "cancerous community conspiracy" against him, the object of which is to "'get even' with the 'minority member' who exposed them . . . as 'institutional racists.'" ECF No. 5. These speculative and conclusory allegations, however, do not provide a sufficient basis for this Court to request an attorney to represent Plaintiff in this action.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                ENTER:       June 6, 2013

                ROBERT C. CHAMBERS, CHIEF JUDGE